IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESMERALDA RADEK, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 4750 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| TARGET CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Esmeralda Radek ("Radek") has sued Defendant Target Corporation ("Target") for national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I), and national origin and race discrimination under 42 U.S.C. § 1981 (Count II). Radek also asserts a state law negligence claim (Count III). Target moves to dismiss Radek's amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, Target's motion to dismiss is granted in part and denied in part.

### Factual Background[1]

In January 2012, Radek, who is Hispanic, started working as a Logistics Team Member at a Target store located in Hodgkins, Illinois. Am. Compl. ¶¶ 10, 11, 18, ECF No. 27. Prior to being hired, Radek passed a background check, and Target's hiring representative did not mention that anything was amiss with her

---

[1] The following facts are taken from Radek's amended complaint and are accepted as true in deciding Target's motion to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

social security number. *Id*. ¶¶ 14, 15, 17. In December 2012, Radek received a promotion to a trainer position, and in January 2013 she received a "great" performance review. *Id*. ¶¶ 25–29.

Throughout her employment, Radek received biweekly paychecks that indicated deductions for social security taxes. *Id*. ¶¶ 30, 34. For 2013 and 2014, Radek received W-2 forms from Target, and she filed her income taxes. *Id*. ¶¶ 31, 35. Furthermore, during the first two years of her employment, no Target representative expressed that there were any problems with Radek's social security number. *Id*. ¶¶ 30, 88, 89.

On February 12, 2014, Target's store management received a letter from a third party stating that Radek, a "large dark haired ponytailed Hispanic woman," was stealing items from the store, selling those items on eBay, and using a fraudulent social security number for her employment with Target. *Id*. ¶ 61.

Approximately one week later, on or about February 20, 2014, a Target human resources representative at the Hodgkins store called Radek into the human resources office and accused her of using a fraudulent social security number. *Id*. ¶ 37. The Target representative asked Radek to verify her social security number and the state in which it was issued. *Id*. ¶ 38. Radek provided her social security number and told the representative that she was born in Texas and believed that her mother obtained the social security number for Radek while in Texas, before the family had moved to Illinois. *Id*. ¶ 39. The next day, on February 21, 2014, Radek

was called again into the human resources office and was terminated for using a fraudulent social security number. *Id*. ¶¶ 41, 65.

According to Radek, the management at the Hodgkins Target store often targeted Hispanic employees and accused them of using fraudulent social security numbers. *Id*. ¶¶ 44, 45, 49, 59. This targeting resulted in the firing of Hispanic employees. *Id*. ¶¶ 46, 59. For example, a year or two prior to Radek's termination, two other employees had been terminated for having allegedly used fraudulent social security numbers. *Id*. ¶ 46. They were rehired after it was confirmed that their social security numbers were valid. *Id*. ¶ 47.

Radek filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights on or about April 9, 2014. *Id*. ¶¶ 6, 7; Ex. A, 4/9/14 EEOC Charge, ECF No. 27. The charge claimed that Target had terminated Radek on the basis of her national origin. *Id*. Plaintiff received a right-to-sue letter from the EEOC in June 2014, and she timely commenced this lawsuit. *Id*. ¶¶ 8, 9.

## **Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). The federal notice pleading standard requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009)). A complaint need provide only "enough detail to give

3

[defendants] fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In evaluating a Rule 12(b)(6) motion, all well-pleaded allegations in the complaint are accepted as true, and courts must draw all reasonable inferences in the plaintiff's favor. *See Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009).

## Analysis

### I. Count I: Title VII Claims

In Count I, Radek alleges that Target wrongfully terminated her on the basis of national origin. Radek also alleges that Target created a hostile work environment and discriminated against her in the terms and conditions of her employment. Am. Compl. ¶¶ 50–51.

#### A. Termination Based on National Origin

To state a Title VII discrimination claim, Radek must plausibly allege that Target instituted a specific adverse employment action against Radek on the basis of her protected status. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). Target argues that Radek's discrimination claim should be dismissed because it is based not on Radek's race or national origin, but because she did not have a valid social security number. As Target puts it, it merely "followed federal immigration law." And to the extent that Radek's allegations are presumed to be true, Target argues, they prove only that she was terminated due to her illegal

4

immigration status, which is not prohibited by Title VII. *See* Def.'s Mot. at 6, ECF No. 32 (citing *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88–89 (1973); *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 939–40 (7th Cir. 2012); *EEOC v. Switching Systems Div. of Rockwell Int'l Corp.*, 783 F. Supp. 369, 373–75 (N.D. Ill. 1992)). In response, Radek asserts that her amended complaint sufficiently alleges that she was terminated on account of her national origin, rather than her immigration status. (She also states that her social security number was valid, contrary to Target's claims.) Pl.'s Resp. at 4–6, ECF No. 36.

Target is correct. Title VII does not forbid discrimination based on actual citizenship or immigration status. *See Espinoza,* 414 U.S. at 88–89; *Cortezano*, 680 F.3d at 939–40. But the Supreme Court, in *Espinoza*, anticipated the very scenario that presents us here:

> [T]here may be many situations where discrimination on the basis of citizenship would have the effect of discriminating on the basis of national origin. In some instances, for example, . . . an employer might use a citizenship test as a pretext to disguise what is in fact national-origin discrimination. Certainly Tit. VII prohibits discrimination on the basis of citizenship whenever it has the purpose or effect of discriminating on the basis of national origin.

414 U.S. at 92.

Here, Radek alleges that Target has a pattern of targeting and making "false allegations" against Hispanic employees, Am. Compl. ¶ 59, including accusing them of using fraudulent social security numbers as a prelude to firing them. *Id*. ¶¶ 45–47. Radek also avers that Target did not complain about her social security number when she was hired, *id.* ¶¶ 14, 15, 17, and that Target withheld portions of her pay

5

for social security taxes. *Id.* ¶¶ 30, 34. She also claims that, when she was asked about her social security number and her background, she informed the Target representative that she was born in Texas. *Id.* ¶ 39. In the end, discovery may reveal these assertions to be unfounded. But, when they are presumed to be true for the purpose of this motion, Radek's allegations sufficiently allege that she was targeted and fired by Target because she is Hispanic, and that Target's accusation of a false social security number was merely a ruse.[2] *See id.* ¶¶ 42–47, 56, 57, 59, 60; *Espinoza*, 414 U.S. at 92.

### B. Exhaustion of Administrative Remedies as to Other Claims

Target also argues that, although Radek described her termination in her April 2014 EEOC Charge, she failed to exhaust her administrative remedies with regard to other Title VII-based claims, such as claims for hostile work environment, disparate impact, and discrimination in the terms and conditions of employment. *Id.* In response, Radek argues that these claims are sufficiently related to the allegations in her EEOC charge to proceed. Pl.'s Resp. at 7–8.

"Generally, a plaintiff may not bring claims under Title VII that were not originally included in the charges made to the EEOC." *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). "The only qualification to this principle applies to claims that are 'like or reasonably related' to the EEOC charge, and can

---

[2] In response to Target's brief asserting that Radek has not alleged that her social security number was valid, Radek submitted several exhibits to demonstrate the validity of her social security number and her U.S. citizenship. ECF Nos. 37–40. Target asks that the Court strike the exhibits, or convert the motion to a summary judgment motion, as required by Rule 12(d). Def.'s Reply at 2; Fed. R. Civ. P. 12(d). That request is granted, and the exhibits are deemed stricken.

6

be reasonably expected to grow out of an EEOC investigation of the charges." *Id*. "The relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831–32 (7th Cir. 2015). Where an EEOC charge is based only on an employee's termination, a hostile work environment claim that involves a separate set of incidents over a period of time preceding the termination is not sufficiently related to the EEOC charge. *See Sitar*, 344 F.3d at 726.

The Court agrees that, to the extent that Radek is asserting a hostile work environment and terms and conditions claims, they are outside the scope of Radek's EEOC Charge, which references only her termination in February 2014, and no other conduct. *See* 4/9/14 EEOC Charge; *Sitar*, 344 F.3d at 726; *Huri*, 804 F.3d at 831–32. Therefore, Target's motion to dismiss Radek's hostile work environment and terms and conditions claims is granted.

As to Target's argument that Radek's disparate impact claim should be dismissed, Target misapprehends Radek's complaint. Radek does not allege disparate impact, only disparate treatment as described in her EEOC charge. *See* Def.'s Mot. at 8; Am. Compl. ¶¶ 42–53; Pl.'s Resp. at 4.

For the foregoing reasons, Target's motion to dismiss Count I is denied as to Radek's Title VII national origin discrimination claim related to her termination and granted as to Radek's hostile work environment and terms and condition claims in Count I.

## II.  Count II: 42 U.S.C. § 1981 Claims

In Count II, Radek alleges that Target violated 42 U.S.C. § 1981 by intentionally engaging in a pattern or practice of "race and/or color discrimination" against those of Hispanic national origin. *See General Bldg. Contractors Ass'n, Inc., v. Pennsylvania*, 458 U.S. 375, 390–91 (1982). Target argues that Radek has not set forth plausible, specific facts sufficient to state the intentionality requirement of a § 1981 claim. Def.'s Mot. at 10 (citing *Iqbal*, 556 U.S. at 678). In support, Target points out that Radek alleges that she enjoyed her job, was given positive reviews, was promoted, and faced minimal discipline during her employment. Def.'s Mot. at 10.

Target, however, ignores Radek's allegations that Target has a pattern of making "false allegations" against Hispanic employees, Am. Compl. ¶ 59, including false allegations of using fraudulent social security numbers for the purpose of firing them. *Id.* ¶¶ 42–47, 56, 57, 59, 60. This is enough at the pleading stage, and Target's motion to dismiss Count II is denied.

## III.  Count III: Negligence

Radek also asserts a state law negligence claim, but now agrees that it should be dismissed, because it is time-barred under state law and preempted by the Illinois Workers' Compensation Act, 820 Ill. Comp. Stat. 305. Pl.'s Resp. at 9. As such, the Court grants Target's motion to dismiss Count III.

## Conclusion

For the reasons stated herein, Target's motion to dismiss [31] is granted in part and denied in part. To the extent that Radek is asserting a hostile work environment and terms and conditions claims under Count I, those claims are dismissed. Count III is also dismissed. The exhibits [37] [38] [39] [40] submitted as appendices to Radek's response to Target's motion to dismiss are also stricken.

**IT IS SO ORDERED.**          ENTERED    12/19/17

*[signature: John Z. Lee]*

_____

**John Z. Lee
United States District Judge**